IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL G. DOWLING                                                          PLAINTIFF

         v.              Civil No. 06-4004

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Paul G. Dowling brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits under the provisions of Title II of the Social Security Act (the Act). Both parties have filed appeal briefs (Docs. 7, 11). Plaintiff has also filed two Supplements to his brief (Docs. 10, 12), requesting the Court consider additional medical evidence that was not before the Commissioner. The Court construes this request as seeking remand to the Commissioner for consideration of the additional evidence. The Commissioner opposes such a remand. (Doc. 14.) The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

**BACKGROUND**

1.   Plaintiff protectively filed an application for DIB on August 28, 2003, alleging that he became disabled on August 18,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

2003, due to injuries he sustained to his back in a motor vehicle accident on that date, and also due to depression and anxiety. (Tr. 35, 45-48.)

2. With regard to his physical impairments, at a hearing before an Administrative Law Judge (ALJ) on July 6, 2005, plaintiff testified that he injured his back in the accident and also aggravated a pre-existing injury to his right shoulder. Plaintiff testified that he experiences severe pain in his back, radiating down into his legs and feet. (Tr. 242-46.) An MRI taken on December 4, 2003, revealed the following:

> Disc degeneration and chronic bulging or subligamentous protrusion at the 3-4 and 4-5 levels causing only mild right lateral recess stenosis and canal narrowing at the 3-4 level as well as minimal impingement of the ventral canal in the midline at the 4-5 interspace. Mild predominately right L4 foraminal narrowing. No disc extrusion or significant change. (Tr. 116.)

On September 15, 2004, plaintiff's treating physician, Dr. George Covert, completed a form assessing plaintiff's ability to perform work-related activities, in which he concluded that plaintiff was "not fit for any work at this time."

3. With regard to his depression and anxiety, plaintiff testified, "[B]asically, I don't want to see anyone. I don't want to come out of my house. I just want to be alone and if I get around very many people or things[,] that triggers [an] anxiety attack." (Tr. 247.) Plaintiff also acknowledged having suicidal thoughts. (Tr. 251.) Plaintiff testified that he had sought

-2-

treatment for his depression and anxiety and was taking medication for these conditions.

Plaintiff's wife testified, "[H]e gets very depressed and upset real easy. And he don't want to do nothing [sic]. He will get in a little shell and he likely don't want to come out. And he will just lay there and just mope, I guess you call it." (Tr. 254.)

The medical evidence indicates that plaintiff sought treatment at the Southwest Arkansas Counseling and Mental Health Center from March 21, 2005 through May 26, 2005. (Tr. 217-33.) Plaintiff reported crying spells, depressed mood, loss of self-esteem, poor self-image, anxiety, and past suicidal thoughts. (Tr. 217.) At plaintiff's last visit, Dr. Oladele Adebogun stated, "I will work on a diagnosis of moderate major depression with anxiety features." (*Id.*)

4. The ALJ, in a written decision dated November 1, 2005, rejected Dr. Covert's opinion that plaintiff was unable to work due to his back impairments. The ALJ found that Dr. Covert's assessment was not supported by clinical findings and was based on an acceptance of plaintiff's "subjective allegations at face value." (Tr. 17.) With regard to plaintiff's depression and anxiety, the ALJ found that these were not severe impairments. The ALJ concluded that plaintiff was not disabled, as he had the

physical residual functional capacity to perform the full range of light work.

**APPLICABLE LAW**

5. Our review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's role is to determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence that supports the Commissioner's decision, along with evidence that detracts from it. *Siemers,* 47 F.3d at 301; *Barrett v. Shalala*, 38 F.3d 1019, 1022 (8th Cir. 1994).

6. To be eligible for DIB benefits, a claimant has the burden of establishing the existence of a disability under the Act. 42 U.S.C. § 423(a)(1)(D). To meet this burden, the claimant must show:

\*   that he has a medically determinable physical or mental impairment that has lasted, or can be expected to last, for at least one year;

-4-

   *   that he is unable to engage in any substantial gainful activity; and

   *   that this inability results from the impairment.

See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

   7.   The Commissioner follows a familiar five-step process to determine whether a claimant is disabled:

   (1)   whether the claimant has engaged in substantial gainful activity since filing his claim;

   (2)   whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;

   (3)   whether the impairment meets or equals a presumptively disabling impairment listed in the regulations;

   (4)   whether the claimant has the residual functional capacity – that is, what he can do despite his limitations -- to perform his past relevant work; and

   (5)   if the claimant cannot perform his past work, the burden then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given his age, education, and experience.   See 20 C.F.R. §§ 404.1520, 416.920; see also Pearsall, 274 F.3d at 1217.

**DISCUSSION**

8.  The ALJ found that plaintiff did not have a severe mental impairment under step two of the sequential evaluation.  An ALJ may deny benefits at step two of the sequential evaluation only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account.  *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).  "A majority of the Supreme Court has adopted what has been referred to as a 'de minimis standard' with regard to the step two severity standard."  *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987).  "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis."  *Bowen*, 482 U.S. at 158.

9.  As stated above, plaintiff has submitted additional medical evidence to this Court that was not before the ALJ.  This evidence indicates that plaintiff was hospitalized for approximately six days in April 2006 for depression and suicidal ideation, having inflicted a "large number of superficial scratches" to his forearm with a utility knife. (Doc. 10 Ex. A at pg. 1.)  Plaintiff was diagnosed with "Schizoaffective Disorder, Bipolar Type, Current Episode Depressed."  (*Id.*)  Plaintiff was

treated with medications for mood stabilization and psychotic features and also participated in individual and group therapy.

Additional medical records indicate that plaintiff was admitted to a psychiatric unit in June 2006 for depression and suicidal thoughts. The diagnosis was "Major depression, recurrent, severe with psychotic features.... Rule out bipolar disorder." (Doc. 13 Ex. B.)

10. Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.*, 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

11. The evidence plaintiff now provides did not exist in November 2005, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v.*

*Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

12.   Next, we consider the issue of materiality.  "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).  The medical evidence at issue is dated just five to seven months after the issuance of the ALJ's decision.  The Court finds that remand is appropriate for consideration of this evidence, as it appears to indicate, contrary to the ALJ's conclusion, that plaintiff's depression and anxiety were in fact severe impairments during the time period in question.

13.   With regard to plaintiff's back impairments, the ALJ rejected plaintiff's treating physician's assessment of plaintiff's ability to perform work-related activities.  The Court strongly suggests that, on remand, the ALJ order a consultative examination, including a statement from the examiner setting forth what plaintiff can still do despite his impairments.

**CONCLUSION**

14.   Based on the foregoing, this case is hereby remanded to the Commissioner for consideration of additional medical evidence pursuant to sentence six of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 29th day of March 2007.


                                        /S/JIMM LARRY HENDREN
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE